IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **SM ENERGY COMPANY,** | **)** | |
| **SM Energy,** | **)** | |
| **vs.** | **)** | **CIVIL ACTION NO. 13-0594-KD-B** |
| **SMACKCO OPERATING, LLC,** *et al*, | **)** | |
| **Defendants.** | **)** | |

## ORDER

This action is before the Court on the motion for judgment on the pleadings or in the alternative to dismiss for failure to join a necessary party, exhibits, and brief in support, filed by defendants Smackco Operating, LLC, Thomas E. McMillan Jr., Estate of Ed Leigh McMillan II, Elvira Tate Manley, Robert C. McMillan, Katherine Owens, Paul Owens and Roger Chapman (the defendants) (doc. 44), the response filed by SM Energy Company (SM Energy) (doc. 53), and the defendants' reply (doc. 57). Upon consideration and for the reasons set forth herein, the motion is GRANTED in part and DENIED in part.

This action is also before the Court on SM Energy's motion for leave to amend the complaint to join Smackco, Ltd. (the Ltd) and McMillan Ltd. as defendants (doc. 59). Upon consideration and for the reasons set forth herein, the motion is GRANTED as to the Ltd but denied as to McMillan, Ltd. Accordingly, SM Energy shall file its amended complaint on or before June 5, 2014.

Factual Background[1]

SM Energy and the Ltd. had an Offshore Operating Agreement (the OOA) for an offshore oil and gas well - Vermillion 281.  SM Energy was the operator and the Ltd was a working interest or participating interest owner.  After Hurricane Ike destroyed the well, SM Energy was required to plug and abandon the well.  Pursuant to the OOA, SM Energy invoiced the Ltd for its proportionate share of the costs.  SM Energy was instructed by the Ltd to send all invoices to Smackco Operating, LLC (the LLC).  Initially, the LLC paid the invoices, but then the Ltd refused to pay its proportionate share of the costs. Neither the Ltd nor the LLC paid any more invoices.

In August 2011, SM Energy sued the Ltd and its general partner Coastal States Exploration, Inc. (Coastal) in the Southern District of Texas, Houston Division, for breach of the OOA and sworn account.  Summary judgment was granted in favor of SM Energy and judgment was entered against the Ltd and Coastal, jointly and severally.  During post-judgment discovery, SM Energy determined that the Ltd was a shell, with no assets, employees or bank account because its assets had been transferred to the LLC.  SM Energy then filed suit against the LLC and the individual defendants in the Southern District of Texas, Houston Division.  The action was transferred to this District.

SM Energy brings four causes of action: claim A alleging alter ego / sham to perpetuate a fraud against all defendants; claim B for suit on a sworn account against the LLC; claim C for breach of contract against the LLC; and claim D for fraud against all defendants.  Defendants have now filed their motion for judgment on the pleadings and alternative motion to dismiss for failure to join a necessary party.

---

[1]  The factual background is derived from the allegations in the complaint and construed in the light most favorable to the SM Energy. *Scottsdale Ins. Co. v. Pursley,* 450 F. Appx. 888, 890 (11th Cir. 2012).

Pursuant to Rule 12(c), a party may move for judgment on the pleadings, after the pleadings are closed. Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." *Interline Brands, Inc. v. Chartis Specialty Ins. Co.,* --- F.3d ----, 2014 WL 1424432, *2 (11th Cir. April 15, 2014) (citing *Cunningham v. Dist. Attorney's Office for Escambia Cnty.,* 592 F.3d 1237, 1255 (11th Cir.2010) (internal quotations marks omitted). Where the motion is based on allegations of failure to state a claim upon which relief can be granted, it is evaluated the same as a Rule 12(b)(6) motion to dismiss. *See Sampson v. Washington Mut. Bank,* 453 F. Appx. 863, 865 n. 2 (11th Cir.2011); *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.,* 305 F.3d 1293, 1295 n. 8 (11th Cir.2002). In that regard, the allegations in the complaint must be accepted as true and the facts and all inferences must be construed in the light most favorable to the nonmoving party. *See Scottsdale Ins. Co. v. Pursley,* 450 F. Appx. 888, 890 (11th Cir. 2012). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). To do so, the plaintiff must plead sufficient facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "Plausibility" in this context, must be more than a "sheer possibility that a defendant has acted unlawfully," and if the complaint alleges facts that are "merely consistent with" liability, then the pleading "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* (citing *Twombly,* 550 U.S. at 557). Overall, the plaintiff must allege more than "labels and conclusions" or a "formulaic recitation of the elements of [the] cause of action". *Twombly,* 550 U.S. at 555.

Additionally, the Court may not consider matters outside the pleadings without converting the motion into a motion for summary judgment. Fed. R. Civ. P. 12(d).[2] However, "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). Thus the Court may consider any documents attached to the complaint. Also, the Court may consider documents attached to an answer if the documents are "(1) central to the Plaintiff's claim; and (2) undisputed, which "in this context means that the authenticity of the document is not challenged." *Horsley v. Feldt,* 304 F.3d 1125, 1134 (11th Cir.2002)

Claim B against Smackco Operating, LLC.

In claim B, SM Energy alleges a claim for sworn account seeking to hold the LLC liable for the Ltd.'s account due to SM Energy and for the judgment entered in the Texas litigation. (Doc. 1, p. 8) SM Energy argues that because of the LLC's course of conduct - paying the Ltd.'s invoices - it assumed the liability and obligation to pay the sworn account. The LLC argues that it is due judgment on the pleadings because judicial estoppel applies to this claim.

> Three factors typically inform the decision whether to invoke judicial estoppel: (1) whether the present position is clearly inconsistent with the earlier position; (2) whether the party succeeded in persuading a court to accept the earlier position, so that judicial acceptance of the inconsistent position in a later proceeding would create the perception that either the first or second court was mislead; and (3) whether the party advancing the inconsistent position would derive an unfair advantage. *New Hampshire v. Maine,* 532 U.S. 742, 750–51, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001)

*Jaffe v. Bank of America, N.A.,* 395 Fed.Appx. 583, 587(11th Cir. 2010). The court finds that judicial estoppel cannot be determined on the pleadings alone. Specifically, it is not evident that SM Energy will derive an unfair advantage by advancing an inconsistent

---

[2] "(d) Result of Presenting Matters Outside the Pleadings. If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

position.

<u>Claim C for breach of contract against Smackco Operating, LLC.</u>

SM Energy alleges that the LLC's "failure to pay the amounts due and owing constitutes a breach of contract." (Doc. 1, p. 9-10) As grounds, SM Energy alleges that the LLC "has the same owners and managers" and "received the invoices and demands made to" the Ltd. (*Id*., p. 10) SM Energy argues that it "has alleged that [the LLC] is liable for the breach of contract . . . because [the LLC], through its conduct, had assumed that liability and that obligation to pay." (Doc. 53, p. 18)

To survive a Rule 12(b) motion, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. To be facially plausible, the plaintiff must plead sufficient facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *i.e.,* the brea ch of contract. *Iqbal,* 556 U.S. at 678. SM Energy's conclusory allegation that the LLC's failure to pay the invoices constitutes a breach of the OOA, presupposes the existence of a contract.[3] However, SM Energy has failed to allege

---

[3] SM Energy's allegations focus on the breach of contract, alleging that "failure to pay the amounts due and owing constitutes a breach of contract", that the "breach of contract caused" SM Energy's damages", and that the "damages were a natural, probably and foreseeable consequence" of the breach. (Doc. 10, p. 9) The OOA contained a choice of law provision applying Texas law. Under Texas law, "[t]he essential elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Group, LLC,* 490 F.3d 380, 387 (5th Cir.2007); *Aguiar v. Segal,* 167 S.W.3d 443, 450 (Tex.App.-Houston [14th Dist.] 2005, pet. denied). The District Court in the Texas litigation found that the Outer Continental Shelf Lands Act's jurisdictional provisions trumped the choice of law provision and therefore, applied Louisiana law. *SM Energy Co. v. Smackco, Ltd.*, 2012 WL 4760841, *4 (S.D. Tex. Oct. 5, 2012). "Under Louisiana law, '[a] contract is an agreement by two or more parties whereby obligations are created, modified, or extinguished' . . . 'A contract has the effect of law between the parties.' In order to prevail on a breach of contract claim, the plaintiff must demonstrate three elements: (1) that the obligor undertook an obligation to perform; (2) that the obligor failed to perform the obligation (the breach); and (3) that the failure to perform resulted in damages to the obligee." *Walker v. Pelican Pub. Co., Inc.,* Civil Action No. 10–4389, 2011 WL

---

any facts from which a reasonable inference could be drawn that the LLC actually assumed the OOA or that a new contract was formed between the LLC and SM Energy.  Alleging that the Ltd told SM Energy to send its invoices to the LLC and that the LLC paid some of the Ltd.'s invoices is not sufficient to allege the formation of a contract or agreement. Accordingly, the LLC is entitled to judgment as a matter of law as to SM Energy's claim for breach of contract.

<u>Claim A (alter ego) and Claim D (fraud) against all defendants - Statute of limitations</u>

Defendants argue that the two year statute of limitation in Code of Alabama § 6-2-38(l) [4] began to run as early as July 2009 when SM Energy had knowledge that the LLC would not pay any more of the Ltd.'s invoices, but no later than August 18, 2011, when with this knowledge SM Energy filed suit against the Ltd. but not the LLC. (Doc. 44-1, p. 13)  Specifically, defendants argue that the invoices, billing statement, and demand letters among the Ltd, the LLC and SM Energy from December 2009 through March 2011, "clearly would have provoked the inquiry of a reasonable person [5] as to the alleged fraud claims against the LLC. (Doc. 57, p. 9-10) Defendants argue that because this suit was not filed until September 2013, that claim A (alter ego) and claim D (fraud) are due to be dismissed.

---

2976271, *6 (W.D.La. July 22, 2011) (internal citations omitted).  Under Alabama law, the elements of a breach-of-contract claim are "(1) a valid contract binding the parties; (2) the plaintiff's performance under the contract; (3) the defendant's nonperformance; and (4) resulting damages." *Shaffer v. Regions Fin.Corp.,* 29 So.3d 872, 880 (Ala.2009) (citations omitted).  Thus, under either jurisdiction, a breach of contract claim requires the existence of a valid contract between the parties.

[4]  "All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years." Ala. Code § 6-2-38(l).

[5] Section 6–2–3, Ala.Code 1975, creates a "savings clause" regarding the accrual of a fraud claim. The statute states as follows: "In actions seeking relief on the ground of fraud where the statute has created a bar, the claim must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have two years within which to prosecute his action."

SM Energy responds that the fraud as plead is not the fact that the LLC initially paid the invoices and then refused to pay, but instead is based on the misrepresentations that the Ltd "was an active entity with employees and assets that would be responsible for its debts."   SM Energy argues that it was not until post-judgment discovery (which the court presumes occurred September 2011 or after) in the Texas litigation that it became aware of the misrepresentations. Specifically, the fact that the Ltd. did not have assets or employees was not known until Paul Owens was deposed and the general ledger of Ltd was produced.

In *Dickinson v. Land Developers Const. Co.*, 882 So.2d 291 (Ala. 2003), the Supreme Court of Alabama held that "a party will be deemed to have 'discovered' a fraud as a matter of law upon the first of either the actual discovery of the fraud or when the party becomes privy to facts that would provoke inquiry in a reasonable person that, if followed up, would lead to the discovery of the fraud." *Id*. at 298.  Under Alabama law "[t]he question of when the party discovered or should have discovered the fraud is generally one for the jury." *Wheeler v. George,* 39 So.3d 1061, 1082 (Ala.2009).  "The question of when a plaintiff should have discovered fraud should be taken away from the jury and decided as a matter of law only in cases where the plaintiff *actually knew* of facts that would have put a reasonable person on notice of fraud." *Id.,* at 1082-1083 (italics in original) (finding that a receipt of an option agreement accompanied by an explanation regarding the purchase of property were not circumstances from which the Court could find that plaintiffs "actually knew of facts that would have put a reasonable person on notice of fraud.").

There is no dispute of fact that SM Energy knew that the LLC initially paid the Ltd.'s debt but then ceased.  However, the Court cannot find that this fact alone was sufficient to "put a reasonable person on notice of fraud" as plead in claim A and claim D.  Accordingly, the Court finds that at this stage of the litigation, these claims are not due to be dismissed based on statute of

limitations. Therefore, the motion for judgment on the pleadings based on a statute of limitations defense as to Count A and Count D is denied.

Count A for alter-ego / sham to perpetuate a fraud

Defendants argue that SM Energy's conclusory allegations that they exercised domination and control over the Ltd because they were owners,[6] are not sufficient to support a claim for alter ego or piercing the corporate veil based upon a sham. Defendants also argue that the allegations of a sham to perpetuate a fraud fail to meet the heightened pleading standard in Rule 9(b) of the Federal Rules of Civil Procedure.

"Under Alabama law, a 'separate corporate existence will not be recognized when a corporation is so organized and controlled and its business conducted in such a manner as to make it merely an instrumentality of another." *Canal Indem. Co. v. Regency Club Owners Ass'n*, 924 F. Supp. 2d 1304, 1312, 2013 WL 68933 (M.D. Ala. Jan. 7, 2013) (J. Fuller) (citation omitted). The "determination of alter-ego status depends on the level of control one party has over another" and that this is a "fact-intensive question" to be determined on a case-by-case basis. *Id*. at 1312. The Supreme Court of Alabama has identified certain factors[7] to consider in deciding whether to

---

[6] Defendants point out that defendants Paul Owens and Roger Chapman have no ownership interest in either the LLC or the Ltd. They argue that because SM Energy's alleged theory is that ownership equates with liability for the Ltd.'s debt and the ability to pierce the corporate veil, the complaint does not state a claim for relief against Owens and Chapman.

[7] "The Supreme Court of Alabama has emphasized that it is 'impossible to catalogue the infinite variations of fact that can arise but there are certain common circumstances which are important." *Evntl. Waste Control, Inc. v. Browning–Ferris Indus., Inc.,* 711 So.2d 912, 914 (Ala.1997) (quoting *Duff v. S. Ry.,* 496 So.2d 760, 762–63 (Ala.1986)). These factors are: (1) one company owns all or most of the capital stock of the other company; (2) the two companies have common directors or officers; (3) one company finances the other company; (4) one company subscribes to all the capital stock of the other company or otherwise causes its incorporation; (5) one company has grossly inadequate capital; (6) one company pays the salaries and other expenses or losses of the other; (7) one company has substantially no business or assets except that provided to it by another company; (8) in the papers of one company or in the statements of its officers, the other

disregard the separate corporate existence and find that another entity was the entity's alter ego. But ultimately, the "[c]ourts will not apply alter-ego or instrumentality theories without sufficient evidence of control." *Id.* at 1313.  In that regard, "the Alabama Supreme Court has found that a mere overlap in management does not, by itself, result in a finding of alter-ego status. Similarly, a loan of money from one company to another does not make the two companies liable for the obligations of each other." *Id.* (internal citations omitted).

Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  The Eleventh Circuit has explained that "a plaintiff must allege: '(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the plaintiffs; and (4) what the defendants gained by the alleged fraud.'" *Am. Dental Ass'n v. Cigna Corp.,* 605 F.3d 1283, 1291 (11th Cir.2010) (citation omitted)

With these factors in mind, the Court finds that SM Energy has failed to sufficiently plead, against the McMillan family members, an alter-ego or sham to perpetuate a fraud claim. SM Energy makes the conclusory allegations that the McMillans are the alter egos of the company, perpetuated a fraud by keeping the Ltd as a shell or sham corporation and misrepresented this status to SM Energy.  However, these allegations "appear to be 'threadbare recitations' of factors cited by [Alabama] courts in deciding whether to pierce the corporate veil." *Innotex Precision Ltd. v. Horei Image Products, Inc.,* 679 F.Supp.2d 1356, 1360 (N.D.Ga.2009) (quoting *Iqbal,* 129 S.Ct.

---

company is described as a department or division of the first company, or its business or financial responsibility is referred to as the first company's own; (9) one company uses the property of another company as its own; (10) the directors or executives of one company do not act independently but take orders from another company; (11) the formal legal requirements of a subsidiary company are not observed." *Id*. at 1313.

at 1949)). The only specific allegations against the McMillans role in the Ltd are that Thomas E. McMillan was one of the "day-to day-managers" of the Ltd and that Ed Leigh McMillan, Robert McMillan and Elvira Tate Manley "also served as managers or 'bosses'". (Doc. 1, p. 11) (There are no allegations of management as to Katherine Owens.) The Court finds that SM Energy has failed to allege sufficient facts from which a reasonable inference could be drawn that the McMillans exercised control and domination over the Ltd such that they became its alter ego and responsible for the debts. Therefore, the McMillans' motion for judgment on the pleadings as to claim A is granted.

SM Energy argues that it has alleged sufficient facts for an alter ego / sham to perpetuate a fraud claim against Owens and Chapman[8] because the degree of control over a corporate entity is a question of fact and "in a small family-owned corporation, a supervisor could sufficiently dominate and control the corporation so as to justify liability under an alter ego theory." (Doc. 53, p. 13) This argument is not well-taken since SM Energy has spent a good deal of its argument pointing out that the McMillans have many corporate and trust interests, and thus, likely are not a "small family-owned corporation." But even if the Ltd was a "small family-owned corporation", SM Energy has failed to allege sufficient facts from which the Court could draw the reasonable inference that Owens and Chapman exercised domination and control over the Ltd for them to be its alter ego and responsible for its debt. Therefore, their motion for judgment on the pleadings as to claim A is granted.

---

[8] SM Energy alleges that Chapman was an employee of the Ltd, the LLC and that he also managed Goodway Refining, LLC. SM Energy alleges that Owens was a manager of the LLC and the Ltd, as well as Coastal Exploration, LLC, (the Ltd.'s co-defendant in the Texas litigation) and that Owens testified as the corporate representative for the Ltd. (Doc. 1, p. 5-7, 11) SM Energy does not allege that Owens or Chapman had an ownership interest in any of the McMillan entities including the Ltd, or that Owens or Chapman personally paid any of the Ltd.'s debts, or otherwise undertook to use the Ltd in a manner that would meet the relevant factors. *See* note 7.

However, accepting the allegations regarding the LLC as true and drawing all inferences in favor of SM Energy, it appears that SM Energy has sufficiently pled a claim of alter ego and sham to perpetuate a fraud as to the LLC under the Rule 12(b)(6) standard. Accordingly, the motion for judgment on the pleadings as to claim A is denied as to defendant LLC.

Claim D for fraud - Failure to comply with Rule 9(b)

Defendants argue that the fraud claims in claim D fail to meet the heightened pleading standard in Rule 9(b) of the Federal Rules of Civil Procedure because SM Energy has failed to allege the time, date or substance of the alleged fraud or misrepresentation. Defendants also argue that SM Energy failed to allege facts to support its allegation of a confidential relationship, which is an essential element of any claim of concealment.

As an initial consideration, SM Energy alleges that "the Defendants" took certain actions that constitute the fraudulent misrepresentation and fraudulent suppression. (Doc. 1, p. 10-11) Pleading fraud without specificity as to the identity of the defendant and the specific action taken by that defendant is not sufficient to meet the Rule 9(b) requirements.

SM Energy appears to allege two types of fraud: Fraudulent misrepresentation and fraudulent suppression. As to the latter, SM Energy alleges that "defendants" failed to disclose that the Ltd had no employees[9] or assets and that the LLC would refuse to pay the Ltd.'s debts. However, SM Energy has failed to allege any facts from which a reasonable inference could be drawn that any of the defendants had a duty to disclose these facts. Under Alabama law, a claim of fraudulent suppression requires a showing "(1) that the defendant had a duty to disclose material facts; (2) that the defendant concealed or failed to disclose those facts; (3) that the concealment or failure to disclose induced the plaintiff to act [or to refrain from acting]; and (4)

---

[9] SM Energy alleges that Owens was present when Chapman testified regarding the employees. (Doc. 1, p. 11)

11

that the defendant's action resulted in harm to the plaintiff." *Consolidated Const. Co. of Alabama v. Metal Bldg. Components, L.P.,* 961 So.2d 820, 825 (Ala. 2007). As defendants point out, the interactions between SM Energy and the defendants, in particular the Ltd, the LLC, Owens and Chapman, were all arms-length business transactions. Therefore, to the extent that SM Energy has alleged a claim of fraudulent suppression, the motion for judgment on the pleadings is granted as to all defendants.

As to fraudulent misrepresentation, SM Energy alleges that during the Texas litigation, Chapman testified at deposition that the Ltd had several employees including himself but during the post-judgment deposition Owens testified that these same employees were employees of McMillan, Ltd, were paid by McMillan, Ltd, and that "[t]hey also perform work for various McMillan interests" including the LLC and Goodway Refining. (Doc. 1, ¶¶ 27, 45)

Defendants argue that SM Energy has failed to allege facts to support a claim that the LLC or any of the individual defendants made any misrepresentation to SM Energy. (Doc. 44-1, p. 15-17) In response, SM Energy argues that Chapman, Owens and the "defendants as owners and controllers of" the LLC and the Ltd made the misrepresentations, "omissions and fraudulent actions." (Doc. 53. p. 10-11)

To establish the elements of fraudulent misrepresentation, SM Energy must show "(1) that the representation was false, (2) that it concerned a material fact, (3) that it relied on the false representation, and (4) that actual injury resulted from that reliance." *Consolidated Const. Co. of Alabama v. Metal Bldg. Components, L.P.,* 961 So.2d 820, 825 (Ala. 2007). "To merit consideration by a jury" claims of fraudulent misrepresentation "require some evidence of reasonable reliance . . . upon the alleged false representation." *Maloof v. John Hancock Life Ins. Co.,* 60 So.3d 263, 265 (Ala.2010).

SM Energy fails to tie any specific misrepresentation to any defendant other than

Chapman. SM Energy's allegation that Chapman misrepresented the fact that the Ltd had

employees, which the Court must accept as true for purposes of this motion, could indicate that the

Ltd was a going concern with assets to at least pay the salary of four employees, is sufficient to

state a claim for fraudulent misrepresentation as to Chapman only.[10]  Therefore, to the extent that

SM Energy has alleged a claim of fraudulent misrepresentation, the motion for judgment on the

pleadings is denied as to Chapman but granted as to all other defendants.

<u>Motion to dismiss for failure to add a necessary party under Rule 19</u>

Defendants argue that in order to impose liability upon them, SM Energy must sufficiently

plead and prove that the Ltd was a fraudulent shell or sham corporation and that SM Energy

cannot do so because the Ltd is not a party to this action.  SM Energy argues that it already has a

judgment against the Ltd and therefore the Ltd is not a necessary party.

However, SM Energy has now filed a motion for leave to amend its complaint to add the

Ltd. and McMillan, Ltd. as necessary parties.  The Ltd is the entity as to which SM Energy seeks

to pierce the corporate veil and ascertain its alter ego.  As such, it is a required party to the action

---

[10]  Fraudulent misrepresentation, as plead by SM Energy, does not require intent to defraud on the part of Chapman.  Code of Alabama § 6-5-101 defines two types of fraudulent misrepresentation: "Misrepresentations of a material fact made willfully to deceive, or recklessly without knowledge, and acted on by the opposite party, **or** if made by mistake and innocently and acted on by the opposite party, constitute legal fraud." (emphasis added); *see Southern Energy Homes, Inc. v. Washington,* 774 So.2d 505, 512 (Ala. 2000) ("Except as to fraud claims based on misrepresentations "made by mistake and innocently" (*see* § 6–5–101, Ala.Code 1975), in order to succeed on a fraud claim the plaintiff must affirmatively establish: (1) a false representation concerning an existing material fact; (2) the defendant's knowledge of the statement's falsity, the defendant's recklessness with regard to the statement's truth or falsity, or the defendant's false statement representing knowledge of the truth of the representation; (3) the plaintiff's reliance on the representation; and (4) damage as a proximate result of the reliance.").

and the motion is granted as to the Ltd.  *See* Fed. R. Civ. P. 19(a)(1)(A) (A "required party" is one

that in their absence, "the court cannot accord complete relief among existing parties[.]")

As to McMillan Ltd., SM Energy alleges that McMillan Ltd. is the "official employer of

the persons who performed work for" the Ltd, the LLC and other "McMilla n interests" and that

there is an unwritten agreement by which McMillan Ltd. pays these employees.  From this SM

Energy alleges "upon information and belief, McMillan Ltd. controls" the Ltd and the LLC "and is

the alter ego of both." (Doc. 59) The gravamen of an action alleging that one entity is the alter ego

of another is to establish dominance and control over the corporate entity by another entity or

person.  Paying the salaries of employees of another corporation is among the factors recognized

by the Alabama courts (*see* note 7, "(6) one company pays the salaries and other expenses or

losses of the other").  However, alleging this single factor is not sufficient to state a claim for

relief as to McMillan Ltd that is facially plausible.  Therefore, the Court finds that while leave to

amend should be freely given when justice so requires, Fed. R. Civ. P. 15(a), granting leave to

amend the complaint to add McMillan Ltd. as a defendant would be futile in that the allegations

would be subject to a motion to dismiss. *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir.

2007) ("Leave to amend a complaint is futile when the complaint as amended would still be

properly dismissed or be immediately subject to summary judgment for the defendant.").

Accordingly, the motion for leave to amend as to McMillan Ltd. is denied.

DONE and ORDERED this the 29th day of May 2014.


/s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE