# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **SM ENERGY COMPANY,** | ) |
| **Plaintiff,** | ) |
| vs. | ) CIVIL ACTION NO. 13-0594-KD-B |
| **SMACKCO OPERATING, LLC,** *et al*, | ) |
| **Defendants.** | ) |

## ORDER

This action is before the Court on the motion for partial summary judgment on the Defendants' affirmative defenses filed by SM Energy Company (SM) and supporting documents (docs. 119, 120), the response filed by defendants Smackco Operating, LLC (LLC) and Smackco, Ltd. (Ltd) (doc. 131), and SM's reply (doc. 134). Upon consideration, and for the reasons set forth herein, the motion is GRANTED in part and the remaining issues regarding "affirmative defenses"[1] are carried to trial.

I. Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56(c) governs procedures and provides as follows:

(1) *Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

    (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of

---

[1] The Court does not necessarily agree that these are, in fact, affirmative defenses.

> > the motion only), admissions, interrogatory answers, or other materials; or
>
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> (2) *Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> (3) *Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.
>
> (4) *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed. R. Civ. P. 56(c).

A party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

The mere existence of a factual dispute will not automatically necessitate denial; rather, only factual disputes that are material preclude entry of summary judgment. *Lofton v. Sec'y of Dep't of Children & Family Servs.*, 358 F.3d 804, 809 (11th Cir. 2004). "An issue of fact is material if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. It is genuine if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Reeves v. C.H. Robinson Worldwide, Inc.,* 594 F.3d 798, 807 (11th Cir. 2010) (en banc) (citation omitted).

If a non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. In reviewing whether a non-moving party has met its burden, the Court must stop short of weighing the evidence and making credibility determinations of the truth of the matter. Instead, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in its favor. *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998-99 (11th Cir. 1992) (internal citations and quotations omitted).

II. Facts[2]

Relevant to this motion, the Court makes the following findings of fact:

Judgment was rendered by the United States District Court for the Southern District of Texas in favor of SM and against Smackco, Ltd. and its general partner, Coastal States Exploration, Inc., for the Ltd.'s failure to pay costs associated with the plugging and abandonment of an offshore oil and gas production platform and four wells after they were damaged by Hurricane Ike. Judgment was rendered on claims for breach of contract and suit on a sworn account in the amount of $711,292.52, plus $109,488.30 prejudgment interest, $81,551.50 in attorneys' fees, $10,466.84 in costs and .18% post-judgment interest. (Doc. 119-2, p. 2-3, Memorandum and Order)

The Texas district court made the following findings of undisputed facts:

SM and Smackco Ltd were parties to an Offshore Operating Agreement (OOA), related to an offshore oil and gas lease, platform and group of wells referred to as Vermilion 281.

---

[2] The Court has made its determination of facts by "review[ing] the record, and all its inferences, in the light most favorable to [the LLC and the Ltd as] the nonmoving party." *Benson v. Tocco, Inc.*, 113 F.3d 1203, 1207 (11th Cir. 1997). However, the facts on summary judgment "may not turn out to be the actual facts if the case goes to trial." *See Cottrell v. Caldwell*, 85 F.3d 1480, 1486 (11th Cir.1996).

3

Defendant Smackco Ltd was a 5% working interest or participating interest owner in the Vermilion 281. Defendant Coastal States was Smackco Ltd's general partner. Under the parties' OOA, SM paid all costs related to the Vermilion 281, and each working interest owner reimbursed SM for those costs according to its proportional interest. Section 16.1 of the OOA obligated SM to obtain insurance as provided in Exhibit B to the OOA. Exhibit B required the following insurance coverage under the heading "Extra Expense Liability:"

> Operator shall carry Operator's Extra Expense coverage including control of well, seepage, pollution and contamination coverage, cleanup and/or containment coverage, redrilling and/or restoring, and care, custody and control. Limit of liability shall be $50 million with coverage subject to a deductible of $100,000 (except care, custody and control which is limited to a liability of $500,000 with a $25,000 deductible).

(*Id.*, p. 3)

The Operator's Extra Expense (OEE) coverage "did not cover -- or carry an endorsement for – 'resultant plugging and abandonment'". (*Id.*) The OEE policy was limited to $50 million of coverage for any one occurrence, but in the event of a named windstorm, the coverage was limited to $25 million. (*Id.*)

SM filed a claim under the OEE policy for damages and expenses related to Hurricane Ike. The claim was settled and the underwriters agreed to a total claim on the OEE policy of $24,861,997. From that sum, after certain deductions, SM received a final payment of $17,815,000. "Because the OEE Policy did not cover 'resultant P&A,' none of the costs related to the plugging and abandonment …was included in the above insurance adjustment and final settlement." (*Id.*, p. 4) SM invoiced Smackco Ltd for its share of the expenses including costs of plugging and abandonment. Smackco Ltd refused to pay on grounds that SM had underinsured the well. (*Id.,* p. 5) SM sued Smackco Ltd and Coastal States for open account and breach of

4

contract.

Smackco Ltd defended the suit arguing that SM "committed a 'prior material breach' of the OOA" which excused Smackco Ltd from any obligation to pay SM under the OOA or any open account based on the OOA. Smackco Ltd identified three separate contractual provisions allegedly breached by SM. (*Id*., p. 12) Relevant to the motion before this court, Smackco Ltd argued in the Texas district court that SM breached Section 16.1 and Exhibit B, articles IV and VI, which obligated SM to insure the well for Extra Expense Liability/OEE in the amount of $50 million as agreed by the parties and obligated SM to inform Smackco Ltd and other working interest owners when it was unable to insure the well as agreed. (*Id.*).

Ultimately, the Texas district court found as a matter of law that SM had failed to procure the EEL/OEE insurance required by Section 16.1 of the OOA because it obtained $25 million instead of $50 million as the named windstorm limit. (*Id*., p. 16) But, the Texas district court then found that under Louisiana law, the "breach must 'substantially impair' Smackco Ltd's interests under the OOA in order to justify its refusal to pay costs." (*Id.,* p. 16) The Texas district court further explained as follows:

> Here, the "part [of the OOA] not rendered" by [SM] – an additional $25 million coverage in the event of a named windstorm – did not "substantially impair the interest" of Smackco. It is undisputed that the total value of the claim submitted on the OEE Policy was only $24,861,997 – *less* than the $25 million limit. There is no question – and Defendants [Smackco Ltd. and Coastal States] have conceded - that this amount was correct and proper. Therefore, Defendants have submitted no evidence suggesting that the $25 million named windstorm limit caused it harm, or that the costs billed to it would be any different it [SM] had complied with the contract's $50 million coverage requirement. [SM's] breach simply is not material to the present dispute and does not vitiate Smackco's obligation under the OOA to reimburse [SM] for its operating costs.
>
> In all *material* aspects, the OEE Policy procured by [SM] complied with Exhibit B to the OOA. Defendants have failed to raise a genuine issue of material fact to the contrary.

5

(*Id.* p. 16-17) (italics in original) (bracketed text added).

III. Analysis

Plaintiff SM argues that based on the Texas district court judgment, defendants are collaterally estopped from asserting many of their alleged affirmative defenses. SM specifically identified the following Affirmative Defense:

> First - SM had unclean hands because it did not procure the correct insurance or did not provide notice of the insurance;
>
> Eleventh - SM's claims are barred by consent, acquiescence or notification and the doctrine of estoppel;
>
> Twelfth - SM failed to exercise reasonably prudent business judgment to obtain adequate insurance to cover the claimed damages;
>
> Fifteenth - SM failed to mitigate damages;
>
> Sixteenth - SM's claims are barred by its willful concealment of facts related to procurement of insurance;
>
> Eighteenth - That there is no causal connection between SM's damages and the allegations against Smackco LLC and that SM's damages were caused by its own acts or omissions or the acts or omissions of a third party;
>
> Forty-Fifth - SM failed to act as reasonably prudent operator and give notice of the change in insurance coverage;
>
> Forty-Sixth – SM's claim for sworn account does not comply with the Alabama requirements for a sworn account;
>
> Forty-Seventh - SM's account stated claim is not a valid debt because SM failed to give proper notice of changes in insurance and failed to provide notice required by the OOA;
>
> Forty-Eighth - SM has unclean hands due to concealment of the origin of insurance proceeds;
>
> Forty-Ninth – SM admitted that it did not give notice of the change of insurance

> to Smackco Ltd, which breached the OOA and entitles the defendants LLC and the Ltd to an offset and that SM's conduct estopps it from the relief it seeks;
>
> Fiftieth - SM failed to act as a reasonably prudent operator by failing to give notice of the change in insurance coverage; and
>
> Fifty-Second - SM's breach of the notice provision is an intervening cause that made Smackco unable to pay its obligation and exposed it to unknown risks regarding Hurricane Ike.

(Doc. 119)

"When determining whether to give preclusive effect to a federal judgment, [the district courts] apply federal common law". *Madura v. Bac Home Loans Servicing, LP,* - - - Fed. Appx. - - -, 2014 WL 5800551, *7 (11th Cir. Nov. 10, 2014) (citing *Tampa Bay Water v. HDR Eng,, Inc.,* 731 F.3d 1171, 1179 (11th Cir. 2013)). Collateral estoppel "operates to bar the introduction or argumentation of certain facts necessarily established in a prior proceeding." *Id*. (quoting *Tampa Bay Water,* at 1180) (citation and internal quotation marks omitted).

"In this circuit, a party seeking to apply the doctrine of collateral estoppel must establish '(1) the issue at stake is identical to the one involved in the earlier proceeding; (2) the issue was actually litigated in the earlier proceeding; (3) the determination of the issue must have been a critical and necessary part of the earlier judgment; and (4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue.'" *Id*. (citation, internal quotation marks, and ellipsis omitted). "Under federal common law, collateral estoppel is not limited to actions between the same parties and their privies." *Id.* "A defendant who was not a party to the original action may invoke collateral estoppel against the plaintiff." *Id.* (citation omitted)

To the extent defendants' affirmative defenses are based on the failure of SM to obtain OEE insurance in the amount of $50 million (instead of $25 million) as required by § 16.1 of the

Offshore Operating Agreement (OOA), the Court finds that this defense is irrelevant to the issues in this case. As held by the United States District Court in the Southern District of Texas, Houston Division (the Texas district court); although SM failed to obtain the required $50 million policy for a named windstorm, the "part not rendered" by SM – "an additional $25 million coverage in the event of a named windstorm – did not 'substantially impair the interests' of Smackco." (Doc. 119, p. 9) This was because the total claim was for only $24,861,997.

Moreover, as previously determined by the Texas district court, the amount owed by Smackco Ltd for the resultant plugging and abandonment of the Vermillion 281 well was not an item required by the OOA to be insured. Although the claims raised in this action are different from the claims raised in the Texas district court, Smackco Ltd raises certain affirmative defenses that are based upon its allegations that SM breached the OOA because it failed to obtain the requisite EEL/OEE insurance and failed to notify Smackco as to any inability to insure the well in the amount agreed upon by the parties. Thus the "issue at stake is identical to the one involved in the earlier proceeding" and that was "actually litigated in the earlier proceeding." *Madura,* 2014 WL 5800551 at 7.

The Texas district court found that SM's breach of the OOA was "not material" to the breach of contract dispute in that court and did not relieve Smackco Ltd from its obligations under the OOA to reimburse SM for the operating costs. (Doc. 119-2. p. 17) The defendants argue that this finding indicates that the third collateral estoppel factor has not been met: that "the determination of the issues in the prior litigation must have been a critical and necessary part of the judgment in the action". (Doc. 131, p. 13) The Court disagrees. Review of the earlier decision indicates that reaching the decision that SM's breach of the OOA was not material was a critical and necessary part of the judgment. The Texas district court went on to hold that "[i]n

all *material* respects, the OEE policy procured by [SM] complied with Exhibit B to the OOA. Defendants have failed to raise a genuine issue of material fact to the contrary." (Doc. 119-2, p. 17) (italics in original).

As to the final element, that "the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue," *Madura,* 2014 WL 5800551 at 7, SM Energy asserts collateral estoppel offensively against Smackco Ltd in this federal action. *Axiom Worldwide, Inc. v. HTRD Group Hong Kong Ltd.,* 2013 WL 2406260, 7 (M.D. Fla. June 1, 2013) (plaintiff Axiom asserted collateral estoppel offensively against the defendants). Smackco Ltd was the losing party on the decided issue and had a full and fair opportunity to litigate these issues in the Texas district court.

However, defendant Smackco LLC was not a party to the earlier action, thus arguably it did not have an opportunity to fully and fairly litigate the insurance issue. But, as to Smackco LLC, any affirmative defenses related to the insurance issue would come into play only if the corporate veil is pierced and there is a determination that Smackco LLC is the alter-ego for Smackco Ltd. At that point, Smackco Ltd and Smackco LLC become the same party as to which the insurance issue was fully and fairly litigated in the Texas litigation.

IV. Conclusion

In accordance with the foregoing, SM's motion for partial summary judgment as to the LLC's and the Ltd.'s affirmative defenses is GRANTED in part and all other issues regarding the alleged affirmative defenses are carried to trial.

DONE and ORDERED this the 20th day of November 2014.

/s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE