# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| SM ENERGY COMPANY, | ) | |
| Plaintiff, | ) | |
| vs. | ) | CIVIL ACTION NO. 13-0594-KD-B |
| SMACKCO OPERATING, LLC, *et al*, | ) | |
| Defendants. | ) | |

## ORDER

This action is before the Court on the motion for summary judgment filed by defendants Smackco Operating, LLC and Smackco, Ltd (docs. 122,123,124), the response and objection filed by SM Energy Company (docs. 129, 130) and the replies (docs. 133, 135). Upon consideration, and for the reasons set forth herein, the motion is DENIED.

I. <u>Standard of Review</u>

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56(c) governs procedures and provides as follows:

(1) *Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

    (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

    (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

(2) *Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

(3) *Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.

(4) *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed. R. Civ. P. 56(c).

A party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

The mere existence of a factual dispute will not automatically necessitate denial; rather, only factual disputes that are material preclude entry of summary judgment. *Lofton v. Sec'y of Dep't of Children & Family Servs.*, 358 F.3d 804, 809 (11th Cir. 2004). "An issue of fact is material if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. It is genuine if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 807 (11th Cir. 2010) (en banc) (citation omitted).

If a non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. In reviewing whether a non-moving party has met its

burden, the Court must stop short of weighing the evidence and making credibility determinations of the truth of the matter. Instead, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in its favor. *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998-99 (11th Cir. 1992) (internal citations and quotations omitted).

II. Facts[1]

Relevant to this motion, the Court makes the following findings of fact:

Plaintiff SM Energy Company (SM) and defendant Smackco, Ltd. were parties to an Offshore Operating Agreement (OOA) related to an offshore oil and gas lease, platform and groups of wells known as Vermillion 281. SM was the operator and 80% working interest owner. Smackco Ltd was a 5% working interest, or participating interest, owner. Coastal States Exploration, Inc. was Smackco Ltd's general partner.

Vernillion 281 was damaged by Hurricane Ike. Under the parties' OOA, SM paid all costs related to the Vermilion 281 for the plugging and abandonment of the Vermillion 281. The OOA obligated SM to obtain insurance as provided in Exhibit B to the OOA. Under the heading "Extra Expense Liability", Exhibit B required SM to obtain Operator's Extra Expense (OEE) coverage for Vermillion 281, which covered specific expenses such as seepage, pollution and contamination coverage, etc. Exhibit B did not require SM to obtain coverage for plugging and abandonment of Vermillion 281.

Exhibit B of the OOA required SM to obtain $50,000,000 in coverage for Vermillion 281 and also required SM to carry insurance for non-operators such as Smackco Ltd unless it notified

---

[1] The Court has made its determination of facts by "review[ing] the record, and all its inferences, in the light most favorable to [the LLC and the Ltd as] the nonmoving party." *Benson v. Tocco, Inc.*, 113 F.3d 1203, 1207 (11th Cir. 1997). However, the facts on summary judgment "may not turn out to be the actual facts if the case goes to trial." *See Cottrell v. Caldwell*, 85 F.3d 1480, 1486 (11th Cir.1996).

3

SM that it would self-insure and notice to the parties to the OOA if insurance as required in Exhibit B was not available at reasonable rates. The policy was changed in 2006 when a $25,000,000 named windstorm sublimit was added to the policy. After Hurricane Ike, SM settled the claim for damages for $24,861,997, which was below the $25,000,000 sublimit.

Because plugging and abandonment were not covered, it was not included in the insurance adjustment and settlement with the insurance company. Each working interest or participating interest owner was to reimburse SM for those costs according to its proportional interest. SM submitted a Joint Interest Billing charge to Smackco Ltd for its part of the costs. Then at Smackco Ltd's direction, SM submitted the charge to Smackco Operating, LLC (Smackco LLC). However, Smackco Ltd failed to pay its part of the costs and Smackco LLC failed to pay on behalf of Smackco Ltd. Smackco Ltd refused on basis that SM had underinsured Vermillion 281.

SM filed suit against Smackco Ltd and Coastal States in the United States District Court for the Southern District of Texas, alleging breach of contract and suit on a sworn account. Ultimately, judgment was rendered in favor of plaintiff SM and against Smackco, Ltd and Coastal States. Judgment was rendered on SM's claims for breach of contract and suit on a sworn account in the amount of $711,292.52, plus $109,488.30 prejudgment interest, $81,551.50 in attorneys' fees, $10,466.84 in costs and .18% post-judgment interest. (Doc. 129-2, p. 1-2).

SM was unable to satisfy its judgment from Smackco Ltd or Coastal States. SM alleges that post-judgment discovery revealed that Smackco Ltd and Coastal States had no assets. SM then filed suit against Smackco LLC in the Texas district court. The action was transferred to this district. Subsequent thereto, SM amended its complaint to add Smackco Ltd as a defendant.

In Claim A, SM alleges that Smackco LLC is the alter-ego of Smackco Ltd, that the

corporate veil should be pierced, and SM allowed to reach the assets of Smackco LLC to satisfy the judgment. SM alleges that Smackco Ltd was under-funded and without any assets and that defendants use of Smackco Ltd as the working interest partner, instead of Smackco LLC which has assets, was a misrepresentation or omission that SM relied upon to its detriment.

In Claim B, SM alleges a suit on a sworn account only against Smackco LLC to recover the unpaid account of Smackco Ltd. SM alleges that this claim is made against Smackco LLC because it has the same owners and managers as Smackco Ltd which received the invoices and demands made to Smackco Ltd for its portion of the expenses related to Vermillion 281. In Claim C, SM seeks a declaratory judgment that Smackco LLC and Smackco Ltd are alter-egos and that Smackco LLC is liable for Smackco Ltd's debt to SM.

SM alleges that Smackco Ltd held on-shore and off-shore oil and gas interests and that in 1998, the on-shore interests were transferred to Smackco LLC with Smackco Ltd retaining only three nominal offshore interests. Smackco Ltd ceased having a bank account and its bank account, general ledger, and partnership books were changed to Smackco LLC and it began to pay the debts of Smackco Ltd. SM alleges that Smackco Ltd has operated at a loss for several and has been insolvent since 2007, but its limited partners refuse to pay the judgment because they do not believe that it should have been entered and do not acknowledge the judgment on their balance sheets.

In support of both Claims, SM alleges the following:

that the limited partners of Smackco Ltd are the same persons as the members of Smackco LLC;

that the limited partners and members have sufficient assets to pay the judgment but simply refuse to do so;

that they all participate in management of their various business entities

5

including Smackco Ltd and Smackco LLC;

that there is no segregation of office equipment, supplies, or other items and that all of the entities use the same business equipment and supplies;

that common meetings are held for all entities;

that Smackco Ltd, Coastal States and Smackco LLC have no employees but instead the employees are actually employed by McMillan Ltd, which shares the same members and partners;

that the accounting for Smackco Ltd and Smackco LLC and other business entities of the members and partners is done by the same accountant who is employed by McMillan Ltd;

that McMillan Ltd procures insurance for all of the business interests as additional insureds;

that credit cards for Smackco LLC were used to pay business expenses for itself and other entities;

that Smackco LLC paid all of Smackco Ltd's obligations including the defense in the Texas litigation, totaling over a $1,000,000 but has not made demand of Smackco Ltd for repayment;

and that assets of Smackco LLC were transferred to another LLC –ALOG, LLC - for virtually no consideration to avoid potential liability for the Texas judgment.

III. Analysis

A. Claim A

"In Alabama, as elsewhere, it is basic that a corporation is a distinct and separate entity from the individuals who compose it as stockholders or who manage it as directors or officers. C*ohen v. Williams,* 294 Ala. 417, 420, 318 So. 2d 279, 280-81 (Ala. 1975). The separate corporate form is meant to protect individual shareholders from liability for the corporation's actions. *See Wright v. Alan Mills, Inc.,* 567 So.2d 1318, 1319 (Ala.1990). However, the separate

corporate entity may be disregarded, even where there is no fraud or illegality, to prevent injustice and inequitable consequences. *Id.* "The Alabama Supreme Court has set out the following extraordinary circumstances in which it would be appropriate to pierce the corporate veil: 1) where the corporation is inadequately capitalized; 2) where the corporation is conceived or operated for a fraudulent purpose; or 3) where the corporation is operated as an instrumentality or alter ego of an individual or entity with corporate control." *Gilbert v. James Russell Motors, Inc*. 812 So.2d 1269, 1273 (Ala.Civ.App. 2001) (citations omitted). Overall, "[p]iercing the corporate veil is not a power that is lightly exercised." *First Health, Inc. v. Blanton*, 585 So.2d 1331, 1334 (Ala.1991).

The Supreme Court of Alabama has explained that "[a]lthough limiting the liability of the owner or operator of a business is a recognized and acceptable purpose for forming a separate legal entity, that separate entity " 'will [be] disregard[ed] when it is used solely to avoid personal liability of the owner while reserving to the owner the benefits gained through use of the corporate name.' " *Hill v. Fairfield Nursing and Rehabilitation Center, LLC,* 134 So.3d 396, 407 (Ala. 2013) (citations omitted). "This is not a rule cast in concrete but rather this court has always looked to substance over form. In a proper case, when the corporate form is being used to evade personal responsibility this court has not been hesitant to disregard the corporate form and impose liability on the person controlling the corporation and subverting it to his personal use by the conduct of its business in a manner to make it merely his instrumentality." *Hill*, at 407 (citations omitted). Therefore, a "court may 'pierce the corporate veil' and declare a stockholder or officer the corporation's alter ego when evidence is present that the stockholder or officer used the corporate form to escape personal liability." *Id.* (citation omitted). However where an entity has voluntarily entered into a contract with a corporation, such as the OOA here, that person is

considered a voluntary creditor who is held to a higher standard because they are "are generally able to inspect the financial structure of a corporation and discover potential risks of loss before any transaction takes place. Consequently, courts are less sympathetic with voluntary creditors who, having had the opportunity of inspection, nevertheless elected to transact with an undercapitalized corporation." *Co-Ex Plastics, Inc. v. AlaPak, Inc.* 536 So.2d 37, 39 (Ala.1988).

Also, "a separate legal existence will not be recognized when a corporation is 'so organized and controlled and its business conducted in such a manner as to make it merely an instrumentality of another,' or when it is the 'alter ego' of the person owning and controlling it." *Hill,* at 408 (citation omitted) "Whether the separate legal entity of a corporation may be 'pierced' and personal liability imposed is '*a question of fact treated as an evidentiary matter to be determined on a case by case basis.*'" *Id.* (italics in original).

"Ordinarily, the fact that a corporation is undercapitalized alone does not defeat the corporate existence." *Kindrick v. CMI Electronics, Inc.* 2012 WL 4344069, 2 (M.D.Ala. Sept. 21, 2012) (citing *Shelton v. Clements,* 834 So.2d 775, 781 (Ala.Civ.App.2002). "However, in conjunction with other factors, including a design to use the corporate form to evade personal liability, the corporate form may be reduced to a mere instrumentality." *Id.*

As to capitalization, defendants argue that SM failed to exercise due diligence because it did not demand to see Smackco Ltd's financial statement even after receiving payments from Smackco LLC. Defendants also argue that they were not undercapitalized by pointing to the deposition testimony of Michael Reibling, CPA, SM's expert witness, wherein he testified as to the contributions of the partners of Smackco Ltd and the passive investment entity status of Smackco Ltd (doc. 123-3).

However, SM has submitted evidence that Smackco Ltd was insolvent prior to Hurricane

8

Ike.[2] Additionally, SM has presented evidence that Smackco Ltd did not maintain a bank account or separate books and ledgers apart from Smackco LLC and that its employees were actually employees of McMillan Ltd. As to the exertion of control over Smackco, Ltd SM has put forth evidence that the same partners and managers own and control Smackco Ltd and Smackco LLC. Moreover the evidence indicates that the bank account, ledgers, and income producing assets for Smackco Ltd were all transferred to Smackco LLC.

Accordingly, the Court finds that there are issues of fact as to whether Smackco Ltd was grossly undercapitalized and whether Smackco LLC exerted excessive control over Smackco Ltd.

B. Claim B

Defendants Smackco Ltd and Smackco LLC argue that Claim B for sworn account is barred by the doctrine of judicial estoppel. Defendants argue that SM is judicially estopped because they now pursue a position that is inconsistent with a prior legal position. Specifically, that the debt due to SM was the debt of Smackco Ltd and not the debt of Smackco LLC.

In response, SM argues that Claim B is not barred by judicial estoppel. SM asserts that Smackco Ltd is the party to the OOA and responsible for the account and thus if Smackco LLC is determined to be Smackco Ltd's alter ego, then it too is responsible for the account. Alternatively, SM argues that even if Smackco LLC is not the alter-ego, it is still liable on an open account theory and that under either Louisiana law, the applicable law as previously determined by the Texas District Court, or under Alabama law, the states respective limitations periods were met.

The Eleventh Circuit has stated the elements of judicial estoppel as follows:

---

[2] SM cites to the testimony of Smackco Ltd and Smackco LLC's comptroller (doc. 129, p. 21, n. 107).

> Three factors typically inform the decision whether to invoke judicial estoppel: (1) whether the present position is clearly inconsistent with the earlier position; (2) whether the party succeeded in persuading a court to accept the earlier position, so that judicial acceptance of the inconsistent position in a later proceeding would create the perception that either the first or second court was mislead; and (3) whether the party advancing the inconsistent position would derive an unfair advantage.

*Jaffe v. Bank of America, N.A.,* 395 Fed.Appx. 583, 587(11th Cir. 2010) (citing *New Hampshire v. Maine,* 532 U.S. 742, 750–51, 121 S.Ct. 1808 (2001).

The Court finds that SM is not judicially estopped, at least before the alter ego claim is resolved, from asserting Claim B. This is because, SM's position that Smackco LLC owes the debt because it is the alter ego of Smackco Ltd, is not clearly inconsistent with its earlier position that Smackco Ltd was liable for the sworn account. Whether SM will be successful remains to be seen, but it is not judicially estopped from bringing this claim.[3]

### IV. Conclusion

In accordance with the foregoing, defendant Smackco Ltd and Smackco LLC's motion for summary judgment is DENIED.

DONE and ORDERED this the 26th day of November 2014.

/s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE

---

[3] The court reserves for trial the issue of whether SM has a claim against Smackco LLC, in the event the jury determines that Smackco LLC is not the alter ego of Smackco Ltd.